## Hollowbush Estate

*Alvin L. Weiss,* for petitioner.

TAXIS, P. J., October 10, 1956.—On June 27, 1956, this court appointed the Farmers National Bank and Trust Company of Boyertown as guardian of the Estate of Lucien H. Hollowbush, an incompetent.

An inventory subsequently filed disclosed that the estate amounted to $9,127.19. On July 31, 1956, the incompetent died, and at the time of his death his estate was obligated for maintenance expenses and other fees listed in the petition amounting to $1,832.76. Except for the commission of the guardian and fee of counsel, none of the itemized expenses are administration expenses but are expenses for care and maintenance of the incompetent.

On September 20, 1956, the guardian filed this petition, setting forth the above facts and asking that the court authorize it to pay all the bills as aforesaid. The guardian is not the personal representative of the incompetent's testamentary estate.

A guardian's authority terminates upon the death of his incompetent. A petition for allowance under section 643 of the Incompetents' Estates Act of June 28, 1951, P. L. 612, cited by petitioner, as well as its counterpart, section 644 of the Incompetents' Estates Act of February 28, 1956, P. L. (1955) 1154, deals only with situations where the incompetent is alive.*

Where, as here, the guardian of the incompetent is not the personal representative of his testamentary estate, he has two alternatives to follow in order to properly wind up his duties as the incompetent's fiduciary.

---

* The Act of 1955 has been the only act applicable to estates of incompetents within the orphans' courts, regardless of the date the incompetency was decreed (except in Philadelphia County), since April 1, 1956. The Act of 1951 remains applicable in Philadelphia County and for estates remaining within the jurisdiction of the common pleas courts.

First, he may file an account of his administration and pursuant to section 613 of the Incompetents' Estates Act of 1955, the court, at the audit of this account of the incompetent's guardian, would pass upon only those claims for ". . . necessary administration expenses, including compensation of the guardian and his attorney. All claims remaining unpaid at the incompetent's death shall be presented to the personal representative". The balance for distribution would then be awarded to the personal representative of the incompetent's estate. The unpaid claims of creditors other than those claiming for necessary administration expenses would be presented to the incompetent's personal representative.

Another alternative would be to follow the procedure contemplated by section 631(*b*) contained in the 1955 Act.

Section 631(*b*) provides that:

"A guardian shall be relieved of liability with respect to all real and personal estate distributed by him to the personal representative of a deceased incompetent and thereafter distributed by the personal representative in conformity with a decree of court, or in accordance with a rule of court upon an accounting of such personal representative and confirmation thereof."

The comment of the Joint State Government Commission to this subsection is most pertinent:

"This subsection is added with the thought that it may be employed frequently to avoid the duplication of accounting when an incompetent dies. In many such instances the incompetent's guardian files an account, the balance of which is awarded to a personal representative who in turn subsequently files his accounting. . . . In instances when the guardian and the personal representative are not the same, the guardian may agree to assume the responsibility of a distribu-

tion which remains as a risk distribution until the assets are awarded upon the personal representative's accounting."

Pursuant to this subsection 631(b), the guardian would therefore distribute to the personal representative of decedent's estate the sum presently in its hands. The unpaid claimants would be amply protected. They would be put on notice of the filing of the personal representative's account and could present their claims for the court's consideration at the audit of the personal representative's account.

And now, October 10, 1956, the petition is therefore dismissed without prejudice.